HALSEY P. CLARKE, Executor *vs.* PROBATE COURT OF THE TOWN OF RICHMOND.

MARCH 16, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Probate Law. Payment of Preferred Claims. Probate Court without Power to Direct Payment of Preferred Claims, Except on Request of Executor. Certiorari.*

C. P. A., § 809, which provides that pending an appeal from the appointment of an executor he shall have power, under the direction of the probate court, to pay any debts of the testator which are preferred by law, while it gives power to the executor, imposes no obligation; and does not substitute the court in his place to decide upon the approval or rejection of claims, nor affect the other provisions of law giving the executor a certain time to approve or reject claims; so where an executor had neither passed upon certain claims nor requested the direction of the court concerning their payment, the action of the court in directing such payment, upon petition of claimants, was void and is properly reviewed on *certiorari.*

CERTIORARI from decree of Probate Court. Relief granted.

DOUGLAS, C. J. This is a petition for a writ of *certiorari* to bring up for review by this court certain proceedings in the court of probate of the town of Richmond, claimed by the

petitioner to be illegal and in excess of the power of that tribunal, in order that the same may be quashed by this court.

The petitioner is the executor named in an instrument purporting to be the will of Abby A. Hoxsie, late of said Richmond, which was admitted to probate before the town council of said Richmond, acting as a Probate Court, on the 7th day of December, A. D. 1907, on which date the petitioner duly qualified as such executor by giving bond as required by the court.

A week later, on December 13, 1907, a claim of appeal from the decrees of said Probate Court admitting said will to probate and appointing the executor was filed on behalf of the heirs at law of said Abby A. Hoxsie, which appeal has been perfected and is now pending in the Superior Court for the county of Washington.

On the 2nd day of January, A. D. 1908, the bill of Ada C. Sheldon, one of the parties to said appeal, and a niece of the deceased, was presented to the petitioner as a preferred claim against said estate, to the amount of $188.55, for expenses claimed to have been incurred in the last sickness of said deceased; and on January 4, 1908, the bill of Dr. Edward E. Kenyon for $84, for medical services during the last sickness of the deceased, was presented to the petitioner as a preferred claim against said estate.

The petitioner has neither allowed said claims, or either of them, nor signified his disallowance of the same, and he has not asked the advice or direction of the Probate Court in regard to them.

On the 3rd day of February, A. D. 1908, there was filed with the town clerk of said Richmond, addressed to the Court of Probate, the petition of said Edward E. Kenyon, wherein he sets out the appointment of the petitioner as executor as aforesaid and that the estate is indebted to him as a preferred creditor in the sum of $84, and prays "that the Probate Court instruct and direct the said Halsey P. Clarke, executor on the said estate of Abby A. Hoxsie, deceased, &c., to pay his claim in full on or before the 15th day of February, A. D. 1908."

On the same day a similar petition was presented by said

Ada C. Sheldon, wherein was a prayer that said executor be instructed and directed to pay her said claim in full on or before the 15th day of February, A. D. 1908.

Both of these petitions were taken up and heard by the Probate Court upon the day of the presentation thereof, and the same were granted; and by decrees entered in accordance therewith it was ordered that the executor pay said claims.

The petitioner contends that the decrees, not having been asked for by him, are invalid and in terms exceed the power of the Probate Court; but represents that, as he is clerk of the court, a refusal to comply with its order is likely to injure him and disturb his harmonious relations with the court.

(1) We think the decrees of the Probate Court in the premises can have no compulsory force upon the executor. The proceedings of the court were evidently taken upon a misconstruction of the provisions of section 809, C. P. A., which provides that pending an appeal from his appointment an executor "shall have power, under the direction of the probate court, to pay any debts of the testator, . . . which are preferred by law." This statute gives power to the executor, but does not impose an obligation. It can not mean that the Probate Court shall be substituted for the executor in the first instance to decide upon the approval or rejection of claims against the estate, and it does not repeal the provisions of the statutes which give him a certain time to approve or reject such claims.

Section 814, which concludes the chapter and evidently refers to the provisions of section 809, provides: "In all cases where an executor, administrator, or guardian is directed by law to obtain the advice and direction of the Probate Court before acting, there shall be no appeal from such advice or direction; and the same shall be conclusive, and all parties acting thereon shall be protected thereunder."

Leaving the executor, therefore, the duty of examining the claim, and of approving or rejecting it, the statute gives the court the power, if the executor decides to pay it, of ratifying his decision. Such action of the court necessarily presupposes the approval of the executor and implies his application for the direction to pay.

As the executor in this case had not passed upon the claims in question, and had made no request for the direction of the court, the action of the court upon the petitions of the claimants was extrajurisdictional and void.

As there is no appeal from orders of this nature a writ of *certiorari* is the proper remedy, and the petitioner is entitled to the relief for which he prays.

*Barney & Lee*, for petitioner. *Prince H. Tirrell, Jr.*, of counsel.

*Clarence A. Aldrich*, for respondent Edward E. Kenyon.